BARRETT *v.* COLE.

[75 South. 381, Division B.]

EXECUTION. *Claims by third persons. Peremptory instructions.*
On the trial of a claim to a piano, levied upon under an execution, and claimed by the minor daughter of the execution debtor, a peremptory instruction for the execution creditor was improper, where the minor daughter testified that her father gave her the piano when it was purchased, and that it belonged to her and where she introduced an assessment roll showing that it was assessed to her, although she further testified that she did not know just when the piano was given her.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by W. C. Cole against A. S. Barrett and another, in which an execution was levied on property claimed by Pauline Barrett. From a judgment for plaintiff, the claimant appeals.

The facts are fully stated in the opinion of the court.

*D. W. Draughn,* for appellant.

There is but one proposition in this case and that is, was Pauline Barrett's piano liable for the debt of her father? I submit that a minor in Mississippi can own property. If this is true Pauline Barrett was the owner of the piano in question. If the court thinks that this little girl should have her piano, then reverse this case and enter judgment for her.

*R. S. Hall* and *D. M. Watkins,* for appellee.

It can be seen clearly by the court that the attempt to place this property, to wit, the Fischer Piano, beyond the reach of this creditor, appellee, was but a subtle web. "What a subtle web we weave when first we purpose to deceive."

The court below, desirous that justice be done, granted a peremptory instruction for appellee. A view of the record in this case amply supports the action of the court below. Substantial justice was done. Clearly the property levied on was subject to the writ of execution, based on the judgment of W. C. Cole against A. S. Barrett. We therefore submit that the judgment in this cause should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

W. C. Cole sued A. S. Barrett and Mrs. Jessie Barrett in a justice of the peace court and obtained judgment for fifty-one dollars and seventy-five cents on April 21, 1913. In 1915 an execution was sued out on this judgment, and one Standard Fisher piano levied

upon. Pauline Barrett, daughter of the defendant in execution, filed a claimant's issue, claiming that the piano levied upon was her property. Plaintiff in execution, to prove liability of the piano to execution, introduced testimony to show that the piano was sold to A. S. Barrett on the 20th day of September, 1909, and that Barrett paid for the piano. The plaintiff claimed that Barrett stated to him, when he began trading with him, that he had "a nice Fisher piano, a piece of land somewhere, and one thousand dollars in the bank;" and also that Barrett had at some time given a deed of trust upon the piano. The claimant introduced the assessment roll, showing the piano assessed to her; and she testified that her father gave her the piano when it was purchased, that the piano belonged to her, and not to her father. The claimant was a minor, and the plaintiff in exexcution moved to dismiss her claim because no person appeared as next friend or guardian. Claimant thereupon moved to amend the affidavit so as to make the mother next friend to the minor, which amendment was permitted by the court. The court thereupon asked the claimant:

"Have you ever paid anything for this piano?" She answered: "No, sir." "How did you acquire the paino?" She said: "My papa bought it and gave it to me." "When did he give it to you?" "I don't know just when it was."

The court thereupon gave a peremptory instruction for the plaintiff in execution.

We think the proof shows that the piano was bought in 1909, and, taking claimant's testimony as a whole, it shows that the father gave her the piano at the time it was bought; but the claimant does not fix at any particular time the dates of the purchase or gift of the piano. We think it was error for the court to give a peremptory instruction on the evidence for the claimant. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*